Curia, per Johnson-, Ch.
The court concur in the decree of the circuit court, but the argument here has given to the case a degree of importance which makes some further notice of it necessary.
It is not doubted that the administration of the estate of a deceased person properly belongs to the jurisdiction of his domicil, but if his bona notabilia lie in a foreign country, administration there, also, is necessary, for although the law of the domicil will govern every where, in the distribution of his estate amongst those entitled by law, after the payment of debts, yet he may be indebted where the bona notabilia are found, and one State is not bound to enforce the laws of another, to the injury of its own citizens, and that would be the effect, if the administrator of the domicil was permitted to carry the assets out of the jurisdiction where they are found, and compel creditors to follow him. Hence,- the rule that an executor or administrator cannot maintain an action out of the jurisdiction from whence he derived his authority. This is a right of which all States are tenacious. In Kennedy vs. Edioards, the intestate was domiciled and died in this State, leaving personal effects here, and amongst other things, some negroes. After his death, they were taken into North Carolina, where administration was obtained and the negroes sold. Many years after, the defendant, . who claimed under the purchase from the administrator, brought *339 them into this State. The plaintiff then obtained administration here, and brought his action of trover to recover the negroes, and it was held-that the action well lay, on the ground that carrying them out of the State was a fraud upon the rights of the persons here, who were entitled to the property. The case of Carmichael vs. Ray, decided at the sittings of the law court of appeals in Columbia, in December last,* went on the same principle. There, the intestate was domiciled and died in this State, and administration of his estate was granted here. He owned a negro, who was, at the time of his death, in possession of the defendant in North Carolina, and coming into this State, the plaintiff brought trover against him for the negro, who still remained in North Carolina, and it was held that the action would not lie. It is the true policy of the States not to suffer the effects of a deceased person to be removed out of their jurisdiction, until at least the demands of the creditors are satisfied,, and rather than suffer it, they undertake, in the distribution of the estate, to enforce the laws of the domicil; but where nothing remains but the distribution, and the estate is in the form of money, or other articles easy of transportation, I can see no reason why it should not be remitted to the administrator of the domicil. On the contrary, there would seem to be great propriety in it. Every State has a right to make its own laws, and its own judicatories are supposed to understand them better than those of a foreign State, where they must be proved as any other matter of fact. The distributees have, however, the right to claim the distribution in the jurisdiction where the assets are found. The remarks of Ch. J. Parker, in Daves vs. Head, 3 Pick. 128, are very aposite to this question. In speaking of the conflicting rights of a domestic and foreign administration, he lays it down as a well settled general rule, that the assets collected in a foreign jurisdiction, should be remitted to the administrator of the domicil, and if any part is retained for distribution, it will be only by virtue of an exception to the rule, or because the parties interested seek it in the foreign jurisdiction, and in that case, it might be in the legal discretion of the court to order distribution, or to remit it, according to the circumstances or the condition of the estate ; (see Story Confl. L. §512) and there is no question that circumstances might exist, which would imperiously require that it should be remitted. If there were *340 no creditors claiming in the foreign jurisdiction, and the assets were in the form of money, it might be wanted in the jurisdiction of the domicil to pay pressing demands, or to save the sacrifice of other property by a forced sale, which would operate as an injury to some or all of the parties interested.
Having thus shown that, if the defendant here had collected these funds, the court might, in its discretion, have ordered them to be remitted to Downing, the administrator in Florida, for distribution, Sanchez was justifiable in paying it to him.
Appeal dismissed.
Harper and Dunkin, CC. concurred.

 Richardson’s Rep. 116